**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RICHARD LOCKE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:19-cv-04246** |
| | § | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**ANSWER, DEFENSES AND COUNTERCLAIM**

Defendant, The Lincoln National Life Insurance Company ("Lincoln National"), for its Answer, Defenses and Counterclaim to Plaintiff's Complaint, states:

**PRELIMINARY STATEMENT**

1. Admits that this purports to be an action against Lincoln National for relief under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), but except as so admitted denies the allegations in paragraph 1.

**PARTIES**

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Admits that Lincoln National is a foreign corporation and is authorized to transact and transacting business in the Southern District of Texas, but except as so admitted denies the allegations in paragraph 3.

4. Admits that Lincoln National is the issuer and claims administrator of the group long term disability insurance policy no. 000860059929 (the "LTD Policy") and the group life insurance policy no. 000860059928 (the "Life Policy") (collectively the "Policies") issued by

Lincoln National to Plaintiff's employer Memorial Hermann Health System ("Memorial Hermann") as of March 1, 2004, to fund benefits under Memorial Hermann's ERISA-governed employee welfare benefit plan, but except as so admitted denies the allegations in paragraph 4.

5. Admits that Lincoln National transacts business in the Southern District of Texas and is subject to service of process through its registered agent, but except as so admitted denies the allegations in paragraph 5.

## JURISDICTION AND VENUE

6. Admits that this purports to be an action for benefits under ERISA, but except as so admitted denies the allegations in paragraph 6.

7. Admits that venue lies in this District under ERISA, but except as so admitted denies the allegations in paragraph 7.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Admits that, during his employment with Memorial Hermann, Plaintiff was eligible for coverage under the Policies subject to the terms of the Policies, but except as so admitted denies the allegations in paragraph 8.

9. Admits that Plaintiff, as an employee of Memorial Hermann, was eligible for coverage under the Policies according to their terms, but except as so admitted denies the allegations in paragraph 9.

10. Admits that as of March 1, 2004, Lincoln National was the issuer and the claims administrator of the Policies with full discretionary authority to determine claims for benefits, but except as so admitted denies the allegations in paragraph 10.

11. Admits that Lincoln National pays benefits due under the Policies from its assets, but except as so admitted denies the allegations in the second paragraph 11.

12. Denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13.

14. The allegations of paragraph 14 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 14.

15. The allegations of paragraph 15 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 15.

16. The allegations of paragraph 16 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 16 and states that the Policies were issued in and are subject to the laws of the state of Texas to the extent not governed by ERISA.

17. The allegations of paragraph 17 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 17 and states that the Policies were issued in and are subject to the laws of the state of Texas to the extent not governed by ERISA.

18. The allegations of paragraph 18 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 18.

19. The allegations of paragraph 19 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 19.

20. The allegations of paragraph 20 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 20.

21. The allegations of paragraph 21 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 21.

## ADMINISTRATIVE APPEAL

22. Admits that Plaintiff had been employed by Memorial Hermann as a radiologist technician during his employment with Memorial Hermann, but except as so admitted denies the allegations in paragraph 22.

23. Admits that the referenced documents speak for themselves, but except as so admitted denies the allegations in paragraph 23.

24. Admits that Plaintiff ceased working for Memorial Hermann on or about September 18, 2015, but except as so admitted denies the allegations in paragraph 24.

25. Admits that Plaintiff claimed he became disabled on September 21, 2015, but except as so admitted denies the allegations in paragraph 25.

26. Admits that Plaintiff submitted to Lincoln National a claim for STD benefits under the STD Policy, but except as so admitted denies the allegations in paragraph 26.

27. Admits that Lincoln National paid Plaintiff STD benefits, but except as so admitted denies the allegations in paragraph 27.

28. Admits that Plaintiff submitted to Lincoln National a claim for LTD benefits under the LTD Policy, but except as so admitted denies the allegations in paragraph 28.

29. Admits that, by letter dated March 19, 2018, which letter speaks for itself, Lincoln National denied Plaintiff's claim for LTD benefits beyond March 19, 2018, but except as so admitted denies the allegations in paragraph 29.

30. Admits that the LTD Policy speaks for itself, but except as so admitted denies the allegations in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies the same.

32. Admits that, by letter postmarked on August 13, 2018, which letter speaks for itself, Plaintiff appealed Lincoln National's denial of Plaintiff's claim for LTD benefits, but except as so admitted denies the allegations in paragraph 32.

33. Admits that Plaintiff appealed the denial of his claim for benefits, but except as so admitted denies the allegations in paragraph 33.

34. Admits that Plaintiff submitted information in support of his appeal, but except as so admitted denies the allegations in paragraph 34.

35. Admits that the Social Security Administration has awarded Plaintiff Social Security Disability benefits, but except as so admitted denies the allegations in paragraph 35.

36. Admits that Plaintiff has provided to Lincoln National documentation that the Social Security Administration has awarded Plaintiff Social Security Disability benefits, but except as so admitted denies the allegations in paragraph 36.

37. Admits that Lincoln National's vocational rehabilitation consultant's report speaks for itself, but except as so admitted denies the allegations in paragraph 37.

38. Admits that Lincoln National's medical consultant's report speaks for itself, but except as so admitted denies the allegations in paragraph 38.

39. Admits that Lincoln National's medical consultant's report speaks for itself, but except as so admitted denies the allegations in paragraph 39.

40. Admits that Lincoln National's records reflect a vocation review performed by Diane Rowe, MA, CRC, but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies the same.

41. Admits that Lincoln National's records reflect a vocational review performed by Brandy Thomas, MA, CRC, but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies the same.

42. Admits that Lincoln National's records reflect a nurse review performed by Patricia Wagoner, RN, but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies the same.

43. Admits that Lincoln National's consultants did not personally examine Plaintiff, but except as so admitted denies the allegations in paragraph 43.

44. Admits that, by letter dated June 27, 2019, which speaks for itself, Lincoln National notified Plaintiff of its decision on appeal to uphold the denial of his claim for LTD benefits, but except as so admitted denies the allegations in paragraph 44.

45. Admits that Lincoln National advised Plaintiff that he had exhausted administrative appeals under the LTD Policy, but except as so admitted denies that allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Admits that Plaintiff has exhausted administrative appeals under the LTD Policy only, but except as so admitted denies that allegations in paragraph 47.

## MEDICAL FACTS

48. Admits that Plaintiff has advised Lincoln National of various medical conditions he has, but except as so admitted denies the allegations in paragraph 48.

49. Admits that Plaintiff has advised Lincoln National of various medical conditions he has, but except as so admitted denies the allegations in paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore Lincoln National denies the same.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore Lincoln National denies the same.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore Lincoln National denies the same.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore Lincoln National denies the same.

54. Admits that Plaintiff has been prescribed medications, but except as so admitted denies the allegations in paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore Lincoln National denies the same.

56. Denies the allegations in paragraph 56.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore Lincoln National denies the same.

58. Denies the allegations in paragraph 58.

59. Denies the allegations in paragraph 59.

60. Admits that Lincoln National has denied Plaintiff's claim for benefits under the LTD Policy, but except as so admitted denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62.

63. Denies the allegations in paragraph 63.

64. Admits that the LTD Policy speaks for itself, including Lincoln National's right to request an examination, but except as so admitted denies the allegations in paragraph 64.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies the same.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies the same.

67. Admits that Lincoln National did not request that Plaintiff submit to a physical examination as part of its review of Plaintiff's claim for benefits, but except as so admitted denies the allegations in paragraph 67.

## COUNT I
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. §1132

68. Lincoln National incorporates by reference its responses to paragraphs 1 through 67 of the Complaint.

69. Denies the allegations in paragraph 69, including subparts (a) through (d).

## COUNT II: ATTORNEY FEES AND COSTS

70. Lincoln National incorporates by reference its responses to paragraphs 1 through 69 of the Complaint.

71. Denies the allegations in paragraph 71 and denies Plaintiff's entitlement to the relief in the Wherefore paragraph, including subparagraphs (A) through (E).

**FIRST DEFENSE**

Plaintiff's purported causes of action against Lincoln National, if any, arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"). To the extent Plaintiff's Complaint seeks remedies not provided for by ERISA, they are preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

**SECOND DEFENSE**

Plaintiff's demand for attorney's fees and costs should be denied under ERISA, 29 U.S.C. § 1132(g), because Lincoln National's defenses to this action are reasonable, correct and made in good faith.

**THIRD DEFENSE**

Plaintiff's claims, if any, are limited by the terms, conditions, limitations, exclusions and other provisions of the Policies, including but not limited the definitions and provisions determining the scope of coverage under the Policies.

**FOURTH DEFENSE**

Lincoln National has complied with and performed all of its promises, obligations, and duties to Plaintiff, if any, under the Policies and ERISA.

**FIFTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted as to Lincoln National and Plaintiff is not entitled to benefits under the LTD Policy because, inter alia, (a) Plaintiff was not disabled from any Gainful Occupation as defined by the LTD Policy; (b) Plaintiff failed to provide sufficient proof establishing entitlement to benefits under the LTD Policy, including proof of disability from performing any Gainful Occupation as defined by the LTD Policy; and (c) because Plaintiff was not disabled as defined by the LTD Policy and he failed to return to work, his coverage under the LTD Policy terminated.

## SIXTH DEFENSE

Plaintiff has not satisfied all conditions precedent to the payment of benefits under the Policies, in that, inter alia: (a) Plaintiff was not disabled as defined by the Policies; (b) Plaintiff failed to provide sufficient proof establishing entitlement to benefits under the Policies, including proof of disability as defined by the Policies; and (c) because Plaintiff was not disabled as defined by the Policies and he failed to return to work, his coverage under the Policies terminated. As such, Plaintiff is not entitled to the benefits he seeks.

## SEVENTH DEFENSE

Under the arbitrary and capricious standard of review, the Court's review of the claim decisions is limited to the administrative record. Therefore, because the administrative record shows that Plaintiff's claims for benefits were appropriately denied under the Policies, the claim decisions must be upheld.

## EIGHTH DEFENSE

Even if Plaintiff were entitled to the disability benefits sought under the Policies, which Lincoln National expressly denies, such entitlement at this time would not mean that Plaintiff would be entitled to future benefits under the Policies given, inter alia, the possibility of Plaintiff's further recovery, as well as the effect of different requirements, exclusions and/or limitations of the Policies, including the requirements of ongoing proof of continuing disability and proof of regular appropriate care by a physician in the appropriate specialty as well as the limitations on benefits for disability due to certain limited conditions.

## NINTH DEFENSE

Even if Plaintiff were found to be entitled to disability benefits under the LTD Policy, which entitlement is denied, to the extent Plaintiff has received or is eligible to receive benefits

under the Social Security Act for the same disability or any Other Income Benefits as defined by the LTD Policy including Workers Compensation benefits, Plaintiff's recovery, if any, and any award of entitlement to benefits, is subject to reduction and offset for such Other Income Benefits pursuant to the terms of the LTD Policy.

## TENTH DEFENSE

To the extent that Plaintiff seeks benefits through and beyond the date that his claims were denied, the Court's review is limited to the evidence contained in the administrative record of Plaintiff's claims for benefits at the time the decisions were rendered. No determination has been made with respect to Plaintiff's entitlement to benefits under the Policies beyond the time period pertaining to the benefit decisions, and, should Plaintiff prevail in this action, the appropriate relief would be an order overturning the decision(s) and remanding the claim(s) for consideration of further benefits. See Peterson v. Continental Casualty Co., 282 F.3d 112 (2d Cir. 2002) (Court's determination of insured's eligibility for permanent benefits overturned for lack of jurisdiction as plan administrator had made no determination of insured's eligibility for benefits).

## ELEVENTH DEFENSE

Even to the extent Plaintiff was disabled and otherwise entitled to benefits, which Lincoln National denies, Plaintiff is barred under the LTD Policy from recovering LTD benefits to the extent Plaintiff was able to work in Partial Disability Employment but he chose not to engage in Partial Disability Employment.

## TWELFTH DEFENSE

Because Plaintiff was not entitled to benefits under the Policies and Plaintiff failed to return to work, his coverage under the Policies terminated according to their terms.

**THIRTEENTH DEFENSE**

The claim decisions at issue were neither arbitrary nor capricious, the applicable standard of review to be applied in this action.

**FOURTEENTH DEFENSE**

According to the terms of the LTD Policy, Plaintiff was insured for disability from performing any Gainful Occupation as defined by the LTD Policy on March 19, 2018. As Plaintiff was not disabled from performing any Gainful Occupation as defined by the LTD Policy, no benefits were payable.

**FIFTEENTH DEFENSE**

Plaintiff was not Totally Disabled as defined by the Life Policy and therefore by letter dated December 12, 2017 Plaintiff's claim for extension of death benefits under the Life Policy was properly denied and Plaintiff failed to exhaust administrative remedies as to the denial of his claim for extension of death benefits under the Life Policy and therefore his claim is barred.

**SIXTEENTH DEFENSE**

Even if Plaintiff was found to be entitled to disability benefits under the LTD Policy, which entitlement is denied, to the extent Plaintiff has received or is eligible to receive benefits under the Social Security Act or any Other Income Benefits as defined by the LTD Policy, Plaintiff's recovery, if any, and any award of entitlement to benefits, is subject to reduction and offset for such Other Income Benefits pursuant to the terms of the LTD Policy and Plaintiff is also obligated to reimburse any amounts of Other Income Benefits which have resulted in an overpayment of benefits to Plaintiff, including but not limited to reimbursement of an approximate overpayment of benefits in the amount of $15,944.00 due to Plaintiff's receipt of a retroactive award of SSDI benefits for a period during which Plaintiff elected to receive and

accepted a full disability benefit under the LTD Policy, subject to his obligation to reimburse any overpayment as provided by the LTD Policy and the Disability Payment Options Agreement between Lincoln National and Plaintiff.

**SEVENTEENTH DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff purports to seek relief not provided for under ERISA. ERISA's enforcement scheme and remedies are limited to those set forth in the statute, 29 U.S.C. § 1132, and any other purported claim is precluded under the statute, including any claims alleged in the Request for Relief paragraph.

**RELIEF REQUESTED**

Lincoln National asks that: (i) the Court dismiss Plaintiff's Complaint with prejudice and enter judgment in its favor; (ii) alternatively, to the extent the Complaint asserts claims exclusive of those available under ERISA, they be dismissed; (iii) the Court award Lincoln National its attorneys' fees and costs pursuant to 29 U.S.C. §1132(g); and (iv) the Court grant such other relief as is appropriate under the circumstances of this case.

**COUNTERCLAIM**

Counterclaim Plaintiff, Lincoln National Life Insurance Company ("Lincoln National"), for its Counterclaim against Plaintiff/Counterclaim Defendant, Richard Locke ("Locke"), states:

**I. Jurisdiction and Venue**

1. Lincoln National is a corporation organized and existing under the laws of the State of Indiana.

2. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132.

3. Counterclaim Defendant, Locke, is subject to the jurisdiction of this Court by, inter alia, having filed an action for benefits under ERISA in this Court.

4. Venue is proper pursuant to 28 U.S.C. § 1391.

## II. Facts Common to All Counts

### A. The LTD Policy

5. Lincoln National issued Group Long Term Disability Policy, policy no. 000860059929 (the "LTD Policy") to Memorial Hermann Health System ("Memorial Hermann"), providing long term disability coverage to the eligible employees of Memorial Hermann, as part of an employee welfare benefit plan (the "Plan") sponsored and maintained by Memorial Hermann.

6. At the time of the onset of his claim for benefits under the LTD Policy, Locke was an employee of Memorial Hermann, was a participant in the Plan, and was insured under the LTD Policy.

7. The LTD Policy provides that any benefits due to Locke under the LTD Policy would be reduced by any Other Income Benefits, including monies he received from the Social Security Administration for the same disability. The LTD Policy provides that Other Income Benefits will be offset in determining the Insured's Monthly Benefit.

8. The LTD Policy also provides that Lincoln National is entitled to repayment of any overpayment made to Locke as a result of his receipt of Other Income Benefits:

**RIGHT OF RECOVERY**

If benefits have been overpaid on any short-term disability or long-term disability claim, full reimbursement to the Company is required within 60 days. If reimbursement is not made, the Company has the right to:

1. reduce future benefits and suspend payment of the Minimum Monthly Benefit under this Policy, until full reimbursement is made;

2. reduce benefits payable to the Insured Employee or his or her beneficiary under any group insurance policy issued by the Company, until full reimbursement is made; or

3. recover such overpayments from the Insured Employee or his or her estate.

Such reimbursement is required whether the overpayment is due to:

1. the Company's error in processing a claim;

2. the Insured Employee's receipt of Other Income Benefits;

3. fraud, misrepresentation or omission of relevant facts; or

4. any other reason.

Policy at p. 18.

**B. <u>Overpayment Due to Social Security Award</u>**

9. After satisfaction of the Policy's 180 day elimination period, on or about March 19, 2016, Locke became entitled to disability benefits under the terms of the LTD Policy.

10. Locke began receiving disability benefits from Lincoln National under the Policy.

11. While receiving unreduced, full disability benefits from Lincoln National under the Policy, Locke submitted a claim with the Social Security Administration for disability benefits.

12. Locke completed a Disability Payment Options Agreement on November 1, 2017 recognizing Lincoln National's right to reimbursement of any overpayment of benefits resulting from Locke's receipt of full unreduced disability benefits under the LTD Policy and his subsequent recovery of Other Income Benefits in the form of an award of retroactive and ongoing Social Security Disability Benefits.

13. Locke received and accepted unreduced benefits from Lincoln National while his disability benefit application was pending with the Social Security Administration.

14. Lincoln National paid Locke unreduced, full disability benefits under the Policy from March 19, 2016 to March 19, 2018. Thereafter, Lincoln National learned that Locke had been awarded Social Security Disability ("SSD") benefits on or about September 15, 2018 for a disability commencing in March 2016.

15. Effective as of March 2016, Locke became entitled to and was awarded SSD benefits, including retroactive benefits, in the amount of $2,248.00 per month. Effective January 2017, Locke's SSD benefit was increased due to credit for additional earnings to $2,262,20.

16. As a result of the total amount of retroactive SSD benefits received by Locke, there was an overpayment of LTD benefits. For the time period at issue, the overpayment of benefits resulting from Locke's receipt of unreduced LTD benefits and SSD benefits for the same time period is approximately $15,944.00 (the "Overpayment").

17. As a result of receiving SSD benefits, Locke had received the Overpayment of benefits and Locke is obligated to repay Lincoln National.

18. Despite demand by Lincoln National, Locke has failed to repay Lincoln National the Overpayment created by his receipt of the retroactive SSD benefits for the period of time that Lincoln National paid Plaintiff LTD benefits under the LTD Policy.

19. Locke commenced an action in this Court against Lincoln National on or about October 28, 2019 seeking additional, continued benefits after March 19, 2018, the date through which Lincoln National paid benefits to Locke under the LTD Policy.

20. Locke's receipt of the SSD benefits from the Social Security Administration, which are "Other Income Benefits" as defined by the LTD Policy, after receiving unreduced benefits from Lincoln National, resulted in an overpayment owed to Lincoln National in the estimated amount of the Overpayment.

21. Despite demand from Lincoln National, Locke, to date, has failed to pay to Lincoln National the Overpayment.

22. All conditions precedent to the filing of this counterclaim have been performed or have been waived.

**COUNT I**

**Claim for Enforcement of Plan Provisions and Reimbursement Agreement**

23. Lincoln National incorporates in Count I the allegations in paragraphs 1 through 22 of this Counterclaim.

24. Locke is bound by the terms of the LTD Policy which were in effect at all times material to this action and the Disability Payment Options Agreement ("Payment Options Agreement").

25. Under the terms of the LTD Policy and the Payment Options Agreement, Locke is not entitled to retain the Overpayment that he received.

26. At all times material to this action, Locke was aware that Lincoln National intended to pursue its rights to recover the Overpayment and Locke signed the Payment Options Agreement, thus acknowledging Lincoln National's rights.

27. Locke has failed to reimburse Lincoln National for the Overpayment.

28. As a result of Locke's failure to reimburse Lincoln National for the monies paid, Locke is indebted to Lincoln National in the amount of at least $15,994.00 and Lincoln National has been forced to expend further sums to bring this action.

29. Lincoln National is entitled to reimbursement from Locke for the benefits that were overpaid under the LTD Policy in the amount of at least $15,994.00.

## COUNT II

## Claim for Equitable Lien or Constructive Trust

30. Lincoln National incorporates in Count II the allegations in paragraphs 1 through 29 of this Counterclaim.

31. The LTD Policy and the Payment Options Agreement identify a particular fund, which is distinct from Locke's general assets, against which Lincoln National has a lien and from which Lincoln National may recover the Overpayment.

32. When Locke received SSD benefits resulting in the Overpayment, that portion of the Social Security award was the subject of an equitable lien by agreement and by the terms of the LTD Policy. Locke acknowledged Lincoln National's right to recovery the Overpayment by signing the Payment Options Agreement and thereafter accepting unreduced LTD benefits from Lincoln National.

33. Despite the obligation imposed by the LTD Policy and the Payment Options Agreement, Locke has not reimbursed Lincoln National for the Overpayment.

34. Locke's retention of the Overpayment violates established principles of fairness and equity.

35. Lincoln National is entitled to have an equitable lien or constructive trust imposed on that portion of the Social Security award equaling the amount of the Overpayment balance of $15,994.00 pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT III

### Claim for Equitable Restitution/Unjust Enrichment

36. Lincoln National incorporates in Count III the allegations in paragraphs 1 through 35 of this Counterclaim.

37. Locke was not entitled to retain the Overpayment of benefits paid to him by Lincoln National once Locke received the retroactive award of SSD benefits creating the Overpayment.

38. Locke has no lawful claim to the Overpayment received by him because he was not entitled to retain it under the terms of the LTD Policy or the Payment Options Agreement.

39. Locke has failed to reimburse Lincoln National for the full Overpayment.

40. Locke's retention of the Overpayment violates established principles of fairness and equity.

41. By reason of the Overpayment, and as a result of Locke's failure to reimburse Lincoln National for the benefits overpaid to him, Locke has been unjustly enriched in the amount of at least $15,994.00.

42. Lincoln National is entitled to recover the Overpayment in the amount of at least $15,994.00 under the doctrine of unjust enrichment, pursuant to 29 U.S.C. § 1132(a)(3) and/or the federal common law of ERISA.

## COUNT IV

## Claim for Attorney's Fees

43. Lincoln National incorporates in Count IV the allegations in paragraphs 1 through 42 of this Counterclaim.

44. By reason of Locke's failure to reimburse Lincoln National for the Overpayment, Locke is liable to Lincoln National for reasonable attorney's fees and costs of this Counterclaim pursuant to 29 U.S.C. § 1132(g)(1) and the Payment Options Agreement.

Accordingly, Lincoln National asks that:

(a) this Court grant judgment in favor of Lincoln National on its claim for enforcement of the LTD Policy and the Payment Options Agreement;

(b) this Court impose an equitable lien or constructive trust on that portion of the Social Security award equaling the amount of the Overpayment;

(c) this Court grant judgment in favor of Lincoln National on its claim for unjust enrichment;

(d) this Court grant Lincoln National its attorney's fees and costs for the Counterclaim pursuant to 29 U.S.C. § 1132(g); and

(e) this Court grant such other relief as this Court deems just and appropriate.

Dated: January 21, 2020

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: */s/ Emily K. Liu*____________________
Emily K. Liu (Attorney-in-Charge)
Texas Bar No. 24093777
SDTX Bar No. 3398010
2000 East Lamar Blvd., Suite 780
Arlington, Texas 76006

Telephone: (817) 635-7300
Facsimile: (713) 337-8849
Email: emily.liu@mhllp.com

*Attorney for The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on January 21, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Anthony Vessel
Marc S. Whitehead
Britney Anne Health McDonald
Madison Tate Donaldson
MARC WHITEHEAD & ASSOCIATES ATTORNEYS AT LAW, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
anthony@marcwhitehead.com
marc@marcwhitehead.com
britney@marcwhitehead.com
madison@marcwhitehead.com

*/s/ Emily K. Liu*____________________
Emily K. Liu