**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RICHARD LOCKE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | **CIVIL ACTION NO. 4:19-cv-04246** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

**1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

The parties conferred by e-mail and telephone on January 20, 2020.

For Plaintiff Richard Locke
J. Anthony Vessel
**MARC WHITEHEAD & ASSOCIATES, ATTORNEYS AT LAW, LLP**
403 Heights Boulevard
Houston, Texas 77007
(713) 228-8888 tel
(713) 225-0940 fax
anthony@marcwhitehead.com

For Defendant The Lincoln National Life Insurance Company
Emily K. Liu
**MCDOWELL HETHERINGTON LLP**
2000 East Lamar Blvd., Suite 780
Arlington, Texas 76006
Telephone: (817) 635-7300
Facsimile: (713) 337-8849
emily.liu@mhllp.com

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. Specify the allegations of federal jurisdiction.**

Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.

**4. Name the parties who disagree and the reasons.**

The parties agree as to jurisdiction.

**5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None at this time.

**6. List anticipated interventions.**

None.

**7. Describe class-action issues.**

None.

**8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties will exchange initial Rule 26 disclosures on or before February 10, 2020.

**9. Describe the proposed agreed discovery plan, including:**

Defendant's Contentions: Defendant contends that because this case is governed by ERISA, it will be decided on the administrative record without the need for written or oral discovery. Defendant maintains that discovery should be limited to the administrative record, and Defendant agrees to produce the administrative record to Plaintiff at a mutually agreeable time and place.

Plaintiff's Contentions

Benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a *de novo* standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan. Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under Section 1701.062(a) of the Texas Insurance Code and 28 TAC §§3.1201 - 3.1203 (2013), as well as upheld in *Ariana M. v. Humana Health Plan of Texas, Inc.*, No. 16-20174 (5th Cir. 2018). Therefore, this Court should review this matter under a *de novo* standard of review.

In Texas, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 28 TAC §§3.1201- 3.1203 (2013). Therefore, Plaintiff seeks discovery on any and all materials that would provide information on renewal dates, rate increases, modifications, or amendments to Plaintiff's policy.

Further, the Supreme Court recognized in *Metropolitan Life Insurance Co. v. Glenn* that when "a plan administrator both evaluates claims for benefits and pays benefits claims," it creates a structural conflict of interest. 554 U.S. 105, 128 S. Ct. 2348, 171 L. Ed. 2d 299 (2008).

It is Plaintiff's contention that discovery is permissible on "the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." Additionally, discovery is permissible regarding the "completeness of the administrative record [and] whether the plan administrator complied with ERISA's procedural regulations." *Crosby v. Louisiana Health Service*, 2011 U.S. App. Lexis 14739, (5th Cir. La., 2011). In using the words "existence and extent of a conflict of interest" plaintiff contends that the individual conflict of interest of the administrator's employees, agents and consultants are discoverable as well.

Specifically, Plaintiff seeks discovery on evidence of complex medical questions, the credibility of medical experts, plan interpretation questions, impartiality of administrator, procedural violations, and where there is little or no evidentiary record. This may include compensation incentives, failure to consider all evidence, including subjective complaints, SSDI awards, worker compensation awards, etc., goals or stated expectations of claim denial rates, use of bias outside vendors (medical reviewers), independence of those reviewers, and whether review of Plaintiff's benefit claim was full, fair, and impartial. Further, Plaintiff seeks discovery on whether communications with the claimant and third party reviewers was transparent, whether Defendant conducted peer to peer consultations to ensure claimant's physicians were given opportunity to provide input to decision, the size of the pool of independent reviewers, compensation of reviewers tending to show financial dependence, and evidence of the Defendant conducting annual internal audits of its reviewers evaluating whether the reviewers are meeting the expectations set forth by the administrators.

Subject to Defendant's objection to discovery in this matter, the parties would agree to the following discovery plan:

**A. Responses to all matters raised in Rule 26(f).**

As required by the Rule.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

By April 30, 2020. To Defendant.

**C. When and to whom the defendant anticipates it may send interrogatories.**

None.

**D. Of whom and by when the plaintiff anticipates taking oral depositions:**

Unknown at this time. By May 11, 2020.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

None.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff can designate experts by June 31, 2020.

None.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

Unknown at this time. Plaintiff will be in a better position to make this decision once written discovery is complete. However, depositions shall be completed by September 19, 2020.

**H. List expert depositions the defendant anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

None.

**10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

*See* Response to #9 above.

**11. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**12. State the date the planned discovery can reasonably be completed.**

September 19, 2020.

**13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Counsel for the parties are conferring regarding the possibility of early settlement and will continue to do so, as appropriate, throughout the development of this matter. In the event that this case is not resolved through informal settlement discussions, mediation may be appropriate prior to the filing of motions for summary judgment.

**13. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Counsel for the parties have conferred and will continue to do so, as appropriate, throughout the development of this matter.

**14. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

Non-binding mediation prior to motions for summary judgment.

**15. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree on a trial before a magistrate judge at this time.

**16. State whether a jury demand has been made and if it was made on time.**

N/A

**17. Specify the number of hours it will take to present the evidence in this case.**

As set forth above, the parties believe that because this is a matter governed by ERISA, the case can be resolved by cross-motions for summary judgment.

**18. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**19. List other motions pending.**

None.

**20. Indicate other matters peculiar to this case, including discovery that deserve the**

**special attention of the court at the conference.**

None.

**21. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff's Disclosure of Interested Parties was filed on October 28, 2019.

Defendant's Disclosure of Interested Parties was filed on December 30, 2019.

**22. List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

/s/ J. Anthony Vessel 1/20/2020
**Counsel for Plaintiff** **Date**

J. Anthony Vessel
State Bar No. 24084019
S.D. TX No. 1692384
anthony@marcwhitehead.com
Marc Whitehead
State Bar No. 00785238
Federal Bar No. 15465
marc@marcwhitehead.com
**MARC WHITEHEAD & ASSOCIATES,**
**ATTORNEYS AT LAW, LLP**
403 Heights Boulevard
Houston, Texas 77007
(713) 228-8888 tel
(713) 225-0940 fax

/s/ Emily K. Liu 1/20/2020
**Counsel for Defendant** **Date**

Emily K. Liu
Texas Bar No. 24093777
SDTX Bar No. 3398010
**MCDOWELL HETHERINGTON LLP**
2000 East Lamar Blvd., Suite 780
Arlington, Texas 76006
Telephone: (817) 635-7300
Facsimile: (713) 337-8849
emily.liu@mhllp.com