**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RICHARD LOCKE,<br>Plaintiff & Counter-Defendant, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 4:19-cv-04246 |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant & Counterclaimant. | § | |

## **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiff & Counter-Defendant Richard Locke ("Plaintiff," "Counter-Defendant" or "Locke") files this Plaintiff's Answer to Defendant's Counterclaim, and in support respectively shows the Court as follows:

This action involves a dispute over the denial of a claim for long-term disability benefits under a disability insurance policy governed by ERISA [1] and administered by The Lincoln National Life Insurance Company ("Defendant" or "Counterclaimant"). Locke filed his complaint on January 13, 2020. Defendant answered and filed its counterclaim on January 21, 2020. There are no other motions pending before this Court.

### I. **Jurisdiction and Venue**

**COUNTERCLAIM ¶ 1 ANSWER:**

Counter-Defendant admits the allegations asserted in Counterclaim Paragraph No. 1.

**COUNTERCLAIM ¶ 2 ANSWER:**

[1] § 1132 (a)(1)(B) of the Employee Retirement Income Security Act

Counter-Defendant admits, in general, that Plaintiff's original action is governed by ERISA and that any counterclaim arising out of that action would also be governed by ERISA, but denies any remaining allegations asserted in Counterclaim Paragraph No. 2.

**COUNTERCLAIM ¶ 3 ANSWER:**

Counter-Defendant admits, in general, that counterclaims must arise out of the same transaction or occurrence, pursuant to Fed. R. Civ. P. Rule 13(a), which would grant this Court supplemental jurisdiction over the counterclaim, but denies any remaining allegations asserted in Counterclaim Paragraph No. 3.

**COUNTERCLAIM ¶ 4 ANSWER:**

Counter-Defendant admits, in general, Venue in this Court is proper for the purposes of a counterclaim, but denies any remaining allegations asserted in Counterclaim Paragraph No. 4.

## II. Facts Common to All Counts

**COUNTERCLAIM ¶ 5 ANSWER:**

Counter-Defendant admits the allegations in Counterclaim Paragraph No. 5.

**COUNTERCLAIM ¶ 6 ANSWER:**

Counter-Defendant admits the allegations in Counterclaim Paragraph No. 6.

**COUNTERCLAIM ¶ 7 ANSWER:**

Counter-Defendant admits only that the Plan speaks for itself and otherwise denies any remaining allegations in Counterclaim Paragraph No. 7.

**COUNTERCLAIM ¶ 8 ANSWER:**

Counter-Defendant admits only that the Plan speaks for itself and otherwise denies any remaining allegations in Counterclaim Paragraph No. 8.

**COUNTERCLAIM ¶ 9 ANSWER:**

Counter-Defendant admits the allegations in Counterclaim Paragraph No. 9.

**COUNTERCLAIM ¶ 10 ANSWER:**

Counter-Defendant admits the allegations in Counterclaim Paragraph No. 10.

**COUNTERCLAIM ¶ 11 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 11 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 11.

**COUNTERCLAIM ¶ 12 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 12 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 12.

**COUNTERCLAIM ¶ 13 ANSWER:**

Counter-Defendant admits that he received benefits from the Social Security Administration and otherwise denies any remaining allegations in Counterclaim Paragraph No. 13.

**COUNTERCLAIM ¶ 14 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 14 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 14.

**COUNTERCLAIM ¶ 15 ANSWER:**

Counter-Defendant admits that he has been found Disabled under Social Security's definition of disability which relies on the same terms as the Disability Policy in question in this present action. He received benefits for the Social Security Administration in the form of back due

benefits and continues to remain disabled receiving monthly benefits. Concerning the remaining allegations in Counterclaim Paragraph No. 15, Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 15 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 15.

**COUNTERCLAIM ¶ 16 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 16 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 16.

**COUNTERCLAIM ¶ 17 ANSWER:**

Counter-Defendant denies the allegations in Counterclaim Paragraph No. 17. Plaintiff specifically denies that Locke was overpaid benefits under the Plan. He further denies the use of the term "overpayment" as it implies Defendant paid Plaintiff in excess of the full extent of benefits required under the Plan. Lastly, Counter-Defendant denies that Counterclaimant conferred a benefit upon Locke that was not warranted under the terms of the Plan.

**COUNTERCLAIM ¶ 18 ANSWER:**

Counter-Defendant denies the allegations in Counterclaim Paragraph No. 18. Plaintiff specifically denies that Locke was overpaid benefits under the Plan. He further denies the use of the term "overpayment" as it implies Defendant paid Plaintiff in excess of the full extent of benefits required under the Plan. Lastly, Counter-Defendant denies that Counterclaimant conferred a benefit upon Locke that was not warranted under the terms of the Plan.

**COUNTERCLAIM ¶ 19ANSWER:**

Counter-Defendant admits the allegations in Counterclaim Paragraph No. 19.

**COUNTERCLAIM ¶ 20 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 20 and specifically denies that Locke was overpaid LTD benefits under the Plan. He further specifically denies the use of the term "overpayment" as it implies Defendant paid Locke in excess of the full extent of benefits required under the Plan.

**COUNTERCLAIM ¶ 21:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 21 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 21.

**COUNTERCLAIM ¶ 22 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 22 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 22.

**COUNT I**

**Claim for Enforcement of Plan Provisions and Reimbursement Agreement**

**COUNTERCLAIM ¶ 23 ANSWER:**

Counter-Defendant incorporates in Count I the Answers he previously provided to paragraphs 1 through 22 of this Counterclaim.

**COUNTERCLAIM ¶ 24 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 24 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 24

**COUNTERCLAIM ¶ 25 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in

Counterclaim Paragraph No. 25 and specifically denies that Locke was overpaid LTD benefits under the Plan. He further specifically denies the use of the term "overpayment" as it implies Defendant paid Locke in excess of the full extent of benefits required under the Plan.

**COUNTERCLAIM ¶ 26 ANSWER:**

Counter-Defendant denies the allegations in Counterclaim Paragraph No. 26

**COUNTERCLAIM ¶ 27 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 27 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 27

**COUNTERCLAIM ¶ 28 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 28 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 28

**COUNTERCLAIM ¶ 29 ANSWER:**

Counter-Defendant denies the allegations in Counterclaim Paragraph No. 29

**COUNT II**

**Claim for Equitable Lien or Constructive Trust**

**COUNTERCLAIM ¶ 30 ANSWER:**

Counter-Defendant incorporates in Count I the Answers he previously provided to paragraphs 1 through 29 of this Counterclaim.

**COUNTERCLAIM ¶ 31 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 31 and otherwise denies any remaining allegations in Counterclaim

Paragraph No. 31.

**COUNTERCLAIM ¶ 32 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 32 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 32.

**COUNTERCLAIM ¶ 33 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 33 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 33.

**COUNTERCLAIM ¶ 34 ANSWER:**

Counter-Defendant denies the allegations in Counterclaim Paragraph No. 34, and specifically denies the characterization of an "Overpayment."

**COUNTERCLAIM ¶ 35 ANSWER:**

Counter Defendant denies each of the allegations in Counterclaim Paragraph No. 35. ERISA's civil enforcement provision allows a plan fiduciary to sue "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]" [2] The Fifth Circuit has outlined a three-part inquiry to determine whether the requested relief is equitable: "Does the plan seek to recover funds (1) that are specifically identifiable, (2) that belong in good conscience to the plan, and (3) that are within the possession and control of the defendant beneficiary?"[3] Lincoln's restitution claim would be

---

[2] 29 U.S.C. � 1132(a)(3).

[3] *Prieth*, at 1369 (quoting *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot &*

equitable only if Lincoln "specifically identifie[s] a particular fund, distinct from the [plaintiff's] general assets . . . and a particular share of that fund to which [Lincoln is] entitled." [4] Lincoln has failed to establish these requirements; therefore, Lincoln has no claim in equity for the return of benefits paid to Plaintiff by Lincoln or for Plaintiff's general Social Security benefits. Here, Linoln does not appear to be seeking to enforce a constructive trust on a specifically identified fund or a specific portion of a fund, but over any benefits from either Lincoln or the Social Security Administration currently in the possession of Locke, which would appear to be Locke general assets. Lincoln has not asserted a property interest in its own overpayment of benefits, but rather in Locke general Social Security benefits and benefits previously paid by Lincoln. The Supreme Court has explained that "one feature of equitable restitution [is] that it [seeks] to impose a constructive trust or equitable lien on particular funds or property in the defendant's possession." [5] Lincoln has not alleged sufficient facts to state a cause of action for equitable relief under 29 U.S.C. § 1132(a)(3); therefore, its counterclaim seeking a constructive trust also fails.

**Count III**

**Claim for Equitable/Unjust Enrichment**

**COUNTERCLAIM ¶ 36 ANSWER:**

Counter-Defendant incorporates in Count I the Answers he previously provided to paragraphs 1 through 35 of this Counterclaim.

**COUNTERCLAIM ¶ 37 ANSWER:**

Counter-Defendant denies the allegations in Counterclaim Paragraph No. 37, and

---

*Wansbrough*, 354 F.3d 348, 358 n.43 (5th Cir. 2003)).

[4] *Sereboff v. Mid Atl. Med. Servs*., 547 U.S. 356, 364, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (2006).

[5] *Id*.at 362.

specifically denies the characterization of an "Overpayment."

**COUNTERCLAIM ¶ 38 ANSWER:**

Counter-Defendant denies the allegations in Counterclaim Paragraph No. 38.

**COUNTERCLAIM ¶ 39 ANSWER:**

Counter-Defendant does not have sufficient information to admit to the allegations in Counterclaim Paragraph No. 39 and otherwise denies any remaining allegations in Counterclaim Paragraph No. 39.

**COUNTERCLAIM ¶ 40 ANSWER:**

Counter-Defendant denies the allegations in Counterclaim Paragraph No. 40.

**COUNTERCLAIM ¶ 41 ANSWER:**

Counter-Defendant denies the allegations in Counterclaim Paragraph No. 41.

**COUNTERCLAIM ¶ 42 ANSWER:**

Counter-Defendant denies the allegations in Counterclaim Paragraph No. 42.

**COUNT IV**

**Claim for Attorney's Fees**

**COUNTERCLAIM ¶ 43 ANSWER:**

Counter-Defendant incorporates in Count I the Answers he previously provided to paragraphs 1 through 42 of this Counterclaim.

**COUNTERCLAIM ¶ 44 ANSWER:**

Counter-Defendant denies the allegations in Counterclaim Paragraph No. 43 and specifically denies that Defendant is entitled to an award of its reasonable attorney's fees and cost under 29 U.S.C. §1132 (g)(1). Under ERISA, "the court in its discretion may allow a reasonable attorneys' fee and costs of action to either party." 29 U.S.C. §1132(g)(1). To guide a court in

exercising the discretion granted by § 1132(g)(1), the Supreme Court found that a fees claimant must show "some degree of success on the merits" before a court may award attorney's fees under § 1132(g)(1). *Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010) (citing) *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983). Defendant's claim for attorney's fees pursuant to 29 U.S.C. § 1132 (g) is premature because it has not achieved any success on the merits. Therefore, the court should deny Defendant's request for attorney's fees

**PRAYER**

Plaintiff & Counter-Defendant Richard Locke requests that the Court enter judgment, denying Defendant's request for legal damages, and that Richard Locke, be awarded any such other and further relief for which he may be entitled.

By: /s/ Britney McDonald
Britney McDonald
Tex. Bar No. 24083158
Fed. I.D. No. 2621983
403 Heights Blvd.
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940

ATTORNEY-IN-CHARGE
FORPLAINTIFF &
COUNTER-DEFEDANT,
RICHARD LOCKE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2020, I caused the attached document to be electronically transmitted to the Clerk's office using the CM/ECF System for filing, and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Emily Liu
MCDOWELL HETHERINGTON LLP
2000 East Lamar Blvd., Suite 780

Arlington, Texas
Phone: (817) 635-7300
Fax: (713) 3378849

/s/ *Britney McDonald*
Britney McDonald
Attorney-In-Charge
for Counter-Defendant,
Richard Locke